# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                                :
                                            :
        Plaintiff,                          :        C.A. No. K24C-04-018 JJC
                                            :          (Consolidated)
        v.                                  :
                                            :
CSX TRANSPORTATION, INC., and               :
ANITA ORONZIO AND GABRIEL                   :
ORONZIO, III, AS PERSONAL                   :
REPRESENTATIVES OF THE                      :
ESTATE OF LUIGI ORONZIO,                    :
                                            :
        Defendants,                         :
                                            :
and                                         :
                                            :
ANITA ORONZIO AND GABRIEL                   :
ORONZIO, III, AS PERSONAL                   :
REPRESENTATIVES OF THE                      :
ESTATE OF LUIGI ORONZIO,                    :
                                            :
        Defendants/Cross-Plaintiffs,        :
                                            :
        v.                                  :
                                            :
CSX TRANSPORTATION, INC.,                    :
                                            :
        Cross-Defendant.                     :

Submitted: February 20, 2025
Decided:   February 28, 2025

## ORDER

1.     The Court denied Defendant CSX Transportation, Inc.'s ("CSX")
motion for partial dismissal in an Opinion and accompanying Order issued on

January 28, 2025.[1]  CSX now applies for trial court certification of an interlocutory appeal.  The Plaintiff and Cross-Plaintiffs (collectively, the "Plaintiffs") oppose the application.

2.  As the Court explained in its Opinion, the federal Interstate Commerce Commission Termination Act ("ICCTA") does not *expressly* preempt state common law tort claims.[2]  Nor can ICCTA be said to impliedly preempt the field of railroad safety matters based on Congressional intent that ICCTA exclusively occupies the field.[3]  To that end, ICCTA is uniformly read in *pari materia* with another federal act that more directly addresses railroad safety—the Federal Railroad Safety Act ("FRSA").[4]  In other words, ICCTA and FRSA co-occupy the relevant field of federal regulation.  ICCTA does not exclusively occupy the field given its co-occupant status.

3.  Relevant to this application, the Court did not hold that federal preemption was an impossibility, however.[5]  Rather, the Court explained why the second method of implied preemption—as-applied preemption—calls for a fact intensive inquiry that could not be decided absent evidentiary context.  In fact, the standard advocated by CSX in the briefing requires the Court to examine two highly factual prerequisites for federal preemption:  (1) whether permitting these particular common law tort claims would unreasonably burden CSX, and (2) whether the negligence claims asserted by Plaintiffs discriminate against railroads in this

---

[1] *Fontana v. CSX Transportation, Inc.*, 2025 WL 326209 (Del. Super. Jan. 28, 2025); *see also* Order (D.I. 48).

[2] *Fontana*, 2025 WL 326209, at *1.

[3] *Id.*

[4] *Id.* at *6 (ICCTA's and FRSA's complementary authority, as federal courts have explained, 'accurately reflects Congress' intent for ICCTA and FRSA to be construed *in pari materia*'" (quoting *Tyrrell v. Norfolk S. Ry. Co.*, 248 F.3d 517, 523 (6th Cir. 2001))).

[5] *See id.* at *9 ("no final decision on as-applied preemption in this case can be made at the motion to dismiss stage").

instance.[6]  CSX carries the burden of demonstrating preemption and provided no factual support at the motion to dismiss stage (nor could it have) to meet these requirements.  On the contrary, CSX makes only conclusory allegations as would be expected at this point in the proceedings.  As the Court explained in its Opinion, the answer to whether ICCTA impliedly preempts eight of Plaintiffs' fifteen negligence allegations must await further evidentiary context.[7]

4.      CSX now applies for certification of an interlocutory appeal of the Court's January 28, 2025 Opinion and Order denying its motion for partial dismissal.  When doing so, CSX emphasizes that no Delaware court has examined whether negligent design, construction, and maintenance claims regarding a railroad crossing are preempted.  Plaintiffs, for their part, oppose certification.  They focus on the general impropriety of interlocutory appeals of decisions denying motions to dismiss, that resolution of the issue could not terminate the litigation in its entirety, and that CSX will face no irreparable harm by permitting the case to proceed normally.

5.      Superior Court Civil Rule 74 and Supreme Court Rule 42 provide the standard for certification of interlocutory appeals.  At the outset, interlocutory appeals are the exception and not the rule.[8]  They are disfavored because they disrupt the flow of litigation, cause delay, and exhaust party and judicial resources.[9]  The threshold issue in determining certification, therefore, is whether the challenged order "decides a substantial issue of material importance that merits appellate review before a final judgment."[10]  When faced with an application for certification, a trial

---

[6] *New York Susquehanna & W. Ry. Corp. v. Jackson*, 500 F.3d 238, 253 (3d Cir. 2007).
[7] *Fontana*, 2025 WL 326209, at *11 ("[r]egardless of whether CSX may later meet its burden on this issue, CSX seeks to prematurely prevail on a fact-intensive matter in the absence of facts of record").
[8] *Black v. Hollinger Int'l, Inc.* 2004 WL 906587, at *1 (Del. Apr. 23, 2004) (TABLE).
[9] *Id.*
[10] Supr. Ct. R. 42(b)(i).

3

court must consider (1) the general standard above, and (2) eight separate factors listed in Supreme Court Rule 42.[11]

6.     CSX's application is properly denied when considering the threshold issue of "material importance."  Here, the Court's decision does not finally resolve the issue of federal preemption.  Nor could a decision on appeal terminate the litigation in its entirety.  To that end, by CSX's own recognition, the preemption issue, when finally decided, could be dispositive only as to eight of the Plaintiffs' fifteen allegations of negligence.[12]

7.     The Court has nevertheless fully considered the factors set forth in Rule 42(b)(iii).  CSX relies on two of those factors in support of its application: (1) whether the preemption issue is one of first impression in Delaware; and (2) whether the considerations of justice merit an interlocutory appeal.  When considering these factors with a focus on what would provide for the most efficient and just schedule to resolve the case, the likely benefits of interlocutory review do not outweigh the probable costs.  For that reason, interlocutory review will not further the interests

---

[11] Del. Supr. Ct. R. 42(b)(iii).  Those factors include the following:
  (A) [t]he interlocutory order involves a question of law resolved for the first time in this State;
  (B) [t]he decisions of the trial courts are conflicting upon the question of law;
  (C) [t]he question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
  (D) [t]he interlocutory order has sustained the controverted jurisdiction of the trial court;
  (E) [t]he interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
  (F) [t]he interlocutory order has vacated or opened a judgment of the trial court;
  (G) [r]eview of the interlocutory order may terminate the litigation; or
  (H) [r]eview of the interlocutory order may serve considerations of justice.
[12] *See* Opening Br. at 16–17 (D.I. 14); Appl. for Certification of Interlocutory Appeal at 3–4 (D.I. 51).

of justice. Namely, the factor inquiring into whether review of the interlocutory order may terminate the litigation cuts against interlocutory review. Furthermore, although Delaware courts have not decided whether tort claims concerning the design, construction, and maintenance of railroad crossings are preempted, the Court's denial of what was a partial motion to dismiss in this case does not finally resolve that issue. The parties will have the opportunity, and the need, to develop evidence applicable to the very standard CSX, itself, advocated for use in the inquiry. On balance, because the challenged Opinion and Order provided no final decision regarding preemption and because an interlocutory appeal in this case cannot terminate the litigation, the benefits of interlocutory review do not outweigh the probable costs.[13]

WHEREFORE, for the foregoing reasons, Defendant CSX Transportation, Inc.'s application for certification of an interlocutory appeal is DENIED.

IT IS SO ORDERED.

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*

---

[13] In fact, even "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal." Supr. Ct. R. 42(b).